Railroad *v.* Deakins.

---

## RAILROAD *v.* DEAKINS.

### (*Knoxville.*    September 21, 1901.)

1. ACTIONS. *Maintainable by consignor against carrier for damages resulting from delay in shipment, when.*

   For damages resulting from the carrier's negligent delay in the shipment of goods for sale by the consignee on commission, the consignor can maintain an action. The title to the goods does not in such case vest in the consignee, but remains in the consignor.

2. COMMON CARRIER. *Excuse for failure to deliver goods insufficient, when.*

   Such congestion of freight in the carrier's yards as prevents prompt delivery is no excuse for delay in delivery of perishable goods, even if sufficient in ordinary cases, where the carrier's agent, with the knowledge of such congestion, promises to make prompt delivery and thereby prevents the consignor from taking steps to secure the goods.

3. VERDICT. *Not set aside, when.*

   A verdict for $212.50, as damages for delay in delivery of a car load of apples, will not be set aside as excessive, although it is based upon the plaintiff's testimony alone, while another witness, better acquainted with the market than plaintiff, placed the damages at $169.50.

---

FROM   WASHINGTON.

---

Appeal in error from Circuit Court of Washington County.   H. T. CAMPBELL, J.

KIRKPATRICK, WILLIAMS & BOWMAN for Southern Railway Co.

J. B. Cox for Deakins.

WILKES, J. This is an action for damages for failing to promptly deliver a car load of apples, shipped from Johnson City to Knoxville, Tenn. The suit originated before a Justice of the Peace. On appeal to the Circuit Court there was a verdict and judgment for $212.50 for the plaintiff, Deakins, and the railway company appealed, and has assigned errors. These apples were consigned to Kaiser Bros., apple dealers, at Knoxville, and were expected by the consignor to arrive and be delivered to them early Saturday morning, in time for the trade of that day, and the road was so notified. They were to be received by Kaiser Bros., on consignment and sold by them on a commission of ten per cent. on gross proceeds of sale. The car load of apples reached Knoxville at 4 o'clock on Saturday morning. At 6 o'clock the agent of the company informed the consignor that he had received bill of lading, and was instructed by the consignor to place the car at Kaiser Bros.' warehouse for unloading, to which he replied, "All right." Later, and about ten o'clock, the plaintiff again requested the agent to place the car at the warehouse, and was answered that it would be done, and there is evidence to the effect that the agent then stated that it was his fault it had not been done earlier. The car was not placed at Kaiser Bros.'

warehouse until 4:30 or 5 o'clock Saturday evening, too late for the Saturday market deliveries, and the weather being hot, the apples were badly damaged before they could be unloaded on Monday. Some additional expense was incurred in assorting them.

The first assignment of error is to the effect that the suit should have been brought in the name of Kaiser Bros., and not in that of Deakins. This was not error. The apples were consigned to Kaiser Bros., to be sold by them on commission, and they were not sold to them, and the fact that they were thus consigned did not vest the title to them in Kaiser Bros. Until sold, the title to the apples was in Deakins, and at no time was it in Kaiser Bros.

It is said it was error to give judgment against the company for any damages, because there was a congestion of freight in the yards of the company, which prevented an earlier delivery. Whether this would constitute a good excuse for delay in delivery in ordinary cases, we need not consider, as the agent of the company knew of the congestion, and yet promised to make the delivery, and thus prevented the consignee from coming to the depot or other usual place of delivery of freight and receiving the apples.

It is said there is no material evidence to support the verdict. This assignment is directed to the amount of damages found against the company. The plaintiff estimated these damages at $212.50,

Railroad v. Deakins.

and gave an itemized statement of them.    He said, however, that Kaiser Bros. knew more about the market than he did, and were more competent than he to speak on that subject.    They gave an itemized estimate and fixed the damages at $169.50. The plaintiff, after taking the deposition of Henry Kaiser, of the firm of Kaiser Bros., declined to read it, and it was read by the defendant company as its own evidence.    The amount of damages was a question which addressed itself to the sound judgment of the jury, and it having fixed the amount at $212.50, and there being evidence to support their finding, it will not be disturbed by this Court.    The plaintiff was not bound by the valuation placed on the apples by Mr. Kaiser, although he had referred to him as having superior information and judgment, especially as he did not read his deposition, but declined it.

There is no reversible error in the record and the judgment of the Court below, and the judgment is affirmed, with costs.