IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE



**FILED**

November 24, 1998

Cecil W. Crowson
Appellate Court Clerk

BETTY PRATHER and )
CAROL PRATHER, )
)
    Plaintiffs/Appellants, )    Montgomery Circuit
)    Nos. C10-489 & C10-285
VS. )
)    Appeal No.
KENNETH R. LYLE and )    01A01-9711-CV-00663
HOLT FARMS, )
)
    Defendants/Appellees. )


APPEAL FROM THE CIRCUIT COURT
FOR MONTGOMERY COUNTY
AT CLARKSVILLE, TENNESSEE

THE HONORABLE JAMES E. WALTON, JUDGE


For Plaintiffs/Appellants:               For Defendants/Appellees:

Thomas K. McAlexander               Randolph A. Veazey
HILL BOREN, P.C.                     Warren M. Smith
Jackson, Tennessee                   Nashville, Tennessee


**AFFIRMED AND REMANDED**


WILLIAM C. KOCH, JR., JUDGE

# **MEMORANDUM OPINION**

This appeal involves the amount of a jury's damage award for personal injuries arising out of a collision between an automobile and a dump truck. The two injured parties filed suit in the Circuit Court for Montgomery County, each seeking $75,000 in damages. After the driver of the dump truck admitted negligence, the case was submitted to a jury solely on the issue of damages. The jury awarded each injured party $5,000, and the trial court approved the verdict. The injured parties assert on this appeal that the damage award was too low and was contrary to the weight of the evidence. We affirm the judgment in accordance Tenn. Ct. App. R. 10(b).[1]

## **I.**

On May 27, 1994, Carol Prather, Betty Prather, her mother-in-law, and Carol Prather's two children were traveling through Tennessee on Interstate 24 to visit relatives in Illinois. Congestion on a portion of the interstate in Montgomery County required Carol Prather to stop her automobile on the interstate. While Ms. Prather and the members of her family sat in their stopped automobile, Kenneth R. Lyle, who was driving a dump truck owned by Holt Farms, struck them from behind.

Immediately after the collision, Carol Prather was treated in the emergency room at Cheatham County Hospital for pain in her lower back, leg, and foot. Since neither Betty Prather nor the children were complaining of injuries, they were not examined at the Cheatham County Hospital. The Prathers proceeded on their trip to Illinois. On May 28, 1994, Betty Prather consulted a physician in Maryville, Illinois about pain in her right shoulder. She also visited the emergency room at a hospital in Carbondale, Illinois before returning home.

---

[1]Tenn. Ct. App. P. 10(b) provides:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

When Carol Prather returned to her home in Florida in July 1994, she consulted Dr. Vincent Bilotta, a board certified orthopaedic surgeon, about her lower back pain. Dr. Bilotta found that Ms. Prather had muscle spasms and tenderness in her lower back and, following an examination, diagnosed her condition as back strain or sprain. He elected to treat her with medication and physical therapy. Dr. Bilotta released Ms. Prather after six treatments, and his charges were approximately $255.

Three months after consulting Dr. Bilotta, Carol Prather consulted a chiropractor with complaints of general weakness in her back and right leg. The chiropractor diagnosed her condition as lumbar radiculopathy and sacroiliac joint pain and, over the next nine months, gave her seventy-seven treatments consisting of ultrasound, massage, electric stimulation, and manual manipulation. The charges for these treatments amounted to $5,830. The chiropractor also referred Ms. Prather to a neurologist who, after obtaining a negative MRI study, decided that she had a potential injury to the nerve to the gluteus maximus muscle. During the seven months of treatment, the neurologist charged Ms. Prather $3,165.

Following her return to Florida, Betty Prather consulted Dr. Bernard Fishalow, a board certified orthopaedic surgeon, about pain in her right shoulder. Dr. Fishalow discovered a fracture to the humeral head of her shoulder, as well as wear and tear of the ball and socket of her shoulder joint. He also found osteoarthritic conditions and degenerative changes in Ms. Prather's entire right shoulder. Dr. Fishalow concluded that some of these problems were long standing and others were more acute. After following a conservative course of treatment, Dr. Fishalow performed arthroscopic surgery on Ms. Prather's shoulder. Her total medical expenses were approximately $11,250.

On September 13, 1994 Carol Prather filed suit against Mr. Lyle and Holt Farms in the Montgomery County Circuit Court seeking $75,000 in damages. Betty Prather filed suit against the same defendants on January 27, 1995, also seeking $75,000 in damages. The cases were consolidated for trial. After Mr. Lyle and Holt Farms stipulated that Mr. Lyle's negligence caused the collision, the case was tried to a jury solely on the issue of damages. The jury awarded Carol Prather and Betty Prather $5,000 each. The Prathers moved for a new trial on the grounds that the

verdict was too low and contrary to the weight of the evidence. The trial court denied the motion and approved the verdict.

## II.

The sole issue that Betty and Carol Prather raise on appeal is the amount of the jury's verdict. Tenn. R. App. P. 13(d) requires us to presume that the jury's findings are correct unless there is no material evidence to support the jury's verdict. In this case, the record contains material evidence to support the jury's conclusion that the collision in Montgomery County did not cause all of the medical conditions for which Betty and Carol Prather received treatment when they returned to Florida.

## A.

The party seeking damages has the burden of proving them. *See Keith v. Murfreesboro Livestock Mkt., Inc.*, 780 S.W.2d 751, 755 (Tenn. Ct. App. 1989); *Inman v. Union Planters Nat'l. Bank*, 634 S.W.2d 270, 272 (Tenn. Ct. App. 1982). In cases tried to a jury, the jurors have the exclusive prerogative to weigh the evidence and to use their sound discretion to determine the amount of damages a claimant has suffered. *See Railroad v. Deakins*, 107 Tenn. 522, 525, 64 S.W. 477, 478 (1901); *Sholodge Franchise Sys., Inc. v. McKibbon Bros., Inc.*, 919 S.W.2d 36, 42 (Tenn. Ct. App. 1995). Appellate courts will not disturb the amount of damages fixed by the jury and approved by the trial judge unless there is no material evidence to support the damage award or unless the jury has otherwise abused its discretion. *See Ellis v. White Freightliner Corp.*, 603 S.W.2d 125, 129 (Tenn. 1980); *D.M. Rose & Co. v. Snyder*, 185 Tenn. 499, 525, 206 S.W.2d 897, 908 (1947); *Sholodge Franchise Sys., Inc. v. McKibbon Bros., Inc.*, 919 S.W.2d at 42.

## B.

We turn first to the proof concerning Carol Prather's injuries and the extent of her damages. Carol Prather asserted at trial that because of the injuries sustained in the collision, she had been required to consult four health professionals and that she had incurred approximately $9,000 in medical expenses. She also asserted that she

still experienced pain and that the injuries had rendered ten percent of her body permanently impaired.

Mr. Lyle and Holt Farms offered evidence at trial that Ms. Prather was exaggerating her injuries and that she had provided misleading medical histories to her health care providers in an attempt to inflate her damages. This proof included (1) x-rays and reports by her doctors stating that her back and spine were normal, (2) clearance from her orthopaedic physician that she could return to work, (3) proof that she had a normal range of motion in her legs, and (4) statements by Ms. Prather herself to the effect that she no longer had pain and had gotten "back into the swing of things." This evidence provides a sufficient basis for the jury's decision to award Carol Prather $5,000.

## C.

Betty Prather argued at trial and asserts on this appeal that she sustained a fractured humeral head in the collision that necessitated treatment by two physicians and eventually surgery. She proved that her medical bills for this treatment were $11,000. She also asserted that she continues to endure pain from the injury and that she is unable to engage in activities that she enjoyed before the collision, including sewing and riding in an automobile.

In response to this claim, Mr. Lyle and Holt Farms presented evidence showing that Ms. Prather did not claim to be injured or in pain immediately after the collision. They also pointed out that her treating orthopaedic surgeon concluded that the pain in Ms. Prather's right shoulder was, in part, caused by chronic conditions that were not related to the collision. They also put on evidence that Ms. Prather had continued to make long trips by automobile despite her protestations that she could no longer ride in an automobile. Based on this evidence, the jury could reasonably have concluded that the condition of Ms. Prather's shoulder was not solely the result of the collision and that she was overstating the effects of her shoulder problems. Accordingly, the jury reasonably awarded her $5,000 in damages.

## III.

We affirm the judgement in accordance with Tenn. Ct. App. R. 10(b) and remand the case to the trial court for whatever further proceedings may be required. We also tax the costs of this appeal to Betty Prather and Carol Prather, jointly and severally, and to their surety for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:


_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.


_____
WILLIAM B. CAIN, JUDGE